## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

**DENNIS DEMITRO,**
**No. R01616,**

**Petitioner,**

**vs.**                                           **NO. 13-cv-00394-DRH**

**BRAD ROBERTS,**

**Respondent.**

## MEMORANDUM AND ORDER

**HERNDON, Chief Judge:**

Before the Court is Dennis Demitro's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (Doc. 1). Petitioner Demitro is a state prisoner currently incarcerated in Centralia Correctional Center. Petitioner brings this action to challenge the constitutionality of the sentence imposed in connection with his December 2009, Cook County, Illinois, conviction for first degree murder.

This matter is now before the Court for a preliminary review of the petition pursuant to Rule 4 of the Rules Governing § 2254 Cases in United States District Courts.  Rule 4 provides that upon preliminary consideration by the district court judge, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."

Petitioner was sentenced to a 20-year term of imprisonment.  The Illinois Department of Corrections has now imposed a three-year term of supervised release.  Demitro was not advised that a term of mandatory supervised release, ranging from a minimum of three years to a maximum of natural life, is prescribed under 730 ILCS 5/5-8-1(d).

Petitioner did not file a direct appeal, but a post-conviction petition was somewhat successful.  *See People v. Demitro*, Case No. 1-06-3250 (Ill. App. 1st Dist. Feb. 19, 2008) (remanding for further review, but recognizing a due process violation at sentencing (citing *People v. Whitfield*, 840 N.E.2d 658 (Ill. 1998))). On remand, Demitro's post-conviction petition was dismissed as untimely, and because he had received the minimum allowable sentence.  *See People v. Demitro*, 942 N.E.2d 20, 21 (Ill. App. 1st Dist. Feb. 19, 2010).  On appeal, that dismissal was affirmed, albeit on different grounds.   The appellate court concluded that *Whitfield* predated Demitro's conviction and was therefore inapplicable.  *Id*. at 22.  The appellate court also rejected Demitro's argument

that, relative to due process, *Whitfield* was premised upon an earlier precedent, *Santobllo v. New York*, 404 U.S. 257 (1971). *Demitro*, 942 N.E.2d at 22-23.

Petitioner Demitro now reasserts his principal arguments in this Section 2254 petition. Petitioner argues: (1) the sentencing judge failed to inform him of the mandatory term, thereby violating his Fourteenth Amendment right to due process; (2) because the ultimate term of supervision is determined by the Department of Corrections, not the trial court, the separation of powers is violated; and (3) imposing a term of supervised release that was not a part of his plea agreement violates "contract law resulting in a loss of liberty."[1]

A preliminary review of the petition suggests that Petitioner has not exhausted his state court remedies by presenting his arguments to the Illinois Supreme Court, as required pursuant to 28 U.S.C. § 2254(b)(1). Furthermore, the petition appears to be untimely, filed beyond the one-year statute of limitations prescribed by 28 U.S.C. § 2244(d)(1). However, Petitioner presents arguments for equitably tolling the statute of limitations, which are equally relevant to his apparent failure to exhaust administrative remedies. Petitioner asserts that he has a low I.Q., he cannot read or write, and he also has a speech impediment, all of which have hampered his ability to pursue litigation. These issues were raised to the state appellate court, but were not addressed in the appellate decision. *See Demitro*, 942 N.E.2d at 23.

---

[1] See generally *U.S. ex. Rel Russo v. Attorney General of Illinois*, 780 F.2d 712 (7th Cir. 1986) (if the trial court accepted a plea agreement that did not refer to a mandatory parole term, but actual sentence included such a term of parole, the defendant did not get the benefit of his bargain and was denied due process (citing *U.S. ex rel. Baker v. Finkerbeiner*, 551 F.2d 180 (7th Cir. 1977))).

There is insufficient information before the Court upon which to conclude that dismissal at this preliminary stage pursuant to Rule 4 is appropriate. Therefore, Respondent Roberts will be required to respond or otherwise plead.

Finally, the Court notes, as should Petitioner and Respondent, that Petitioner, who has been denied pauper status, has yet to pay the required $5.00 filing fee. **The deadline for payment is June 4, 2013 (Doc. 7), and failure to pay will result in the dismissal of the petition,**

**IT IS HEREBY ORDERED** that Respondent shall answer the petition or otherwise plead within thirty days of the date this order is entered. This preliminary order to respond does not, of course, preclude the State from making whatever waiver, exhaustion or timeliness it may wish to present.  Service upon the Illinois Attorney General, Criminal Appeals Bureau, 100 West Randolph, 12th Floor, Chicago, Illinois 60601 shall constitute sufficient service.

**IT IS FURTHER ORDERED** that pursuant to Local Rule 72.1(a)(2), this cause is referred to a United States Magistrate Judge for further pre-trial proceedings.

**IT IS FURTHER ORDERED** that this entire matter be **REFERRED** to a United States Magistrate Judge for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral*.

Petitioner is **ADVISED** of his continuing obligation to keep the Clerk (and each opposing party) informed of any change in his whereabouts during the pendency of this action. This notification shall be done in writing and not later than seven days after a transfer or other change in address occurs.

**IT IS SO ORDERED.**

Signed this 10th day of May, 2013.

Digitally signed by
David R. Herndon
Date: 2013.05.10
14:45:47 -05'00'

**Chief Judge**
**United States District Court**