IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DENNIS DEMITRO, | ) |
| | ) |
|     Petitioner, | ) |
| | ) |
| vs. | )  Civil No.  13-cv-394-DRH-CJP |
| | ) |
| BRADLEY J. ROBERT, | ) |
| | ) |
|     Respondent. | ) |

## MEMORANDUM AND ORDER

**HERNDON, Chief Judge:**

Dennis Demitro ("Demitro") pled guilty to a charge of first degree murder in the Circuit Court of Cook County, Illinois, in November, 2000. Pursuant to a plea agreement, he was sentenced to twenty years imprisonment. He was not, however, informed at or before sentencing that he was also subject to a statutorily-mandated three year term of supervised release.

In April, 2013, Demitro filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging the imposition of the term of supervised release. This matter is now before the Court on respondent's Motion to Dismiss as Untimely (Doc. 20). Through appointed counsel, petitioner responded to the motion (Doc. 24). For the following reasons, respondent's Motion to Dismiss as Untimely is **GRANTED**.

### I.  Relevant Facts

In November, 2000, Demitro pled guilty to one count of first degree murder. During the change of plea hearing, the judge did not inform him that his

sentence would include a three-year mandatory term of supervised release. Doc. 20, Ex. B, pp. 2-16. Pursuant to his plea agreement, petitioner was sentenced to twenty years imprisonment on December 28, 2000. The term of supervised release was not mentioned at the sentencing hearing. Doc. 20, Ex. B, pp. 19-22. The written Order of Commitment and Sentence also did not contain any reference to a term of supervised release. Doc. 20, Ex. C, p. 29. Petitioner did not file a direct appeal.

In September, 2006, almost six years after he was sentenced, Demitro filed a pro se petition for postconviction relief challenging the imposition of the term of supervised release. Doc. 20, Ex. C, p. 6. The Circuit Court summarily dismissed the petition, but the Appellate Court reversed because petitioner had raised the gist of a meritorious constitutional claim. Doc. 20, Ex. E, p. 14. Appointed counsel filed a supplemental petition which stated that Demitro learned of his three-year term of supervised release sometime in 2006. Doc. 20, Ex. E, p. 29.

The Circuit Court again dismissed the petition because it was not timely filed and Demitro failed to make a substantial showing that his constitutional rights were violated. Doc. 20, Ex. E, pp. 43-47. On December 17, 2010, the Appellate Court affirmed the dismissal on substantive grounds. Demitro was seeking the benefit of the holding in *People v. Whitfield*, 840 N.E. 2d 658 (Ill. 2005). The Appellate Court, however, affirmed the dismissal of his petition because the Illinois Supreme Court held in *People v. Morris*, 925 N.E.2d 1069, 1081 (Ill. 2010), that *Whitfield* does not apply retroactively to convictions that

were final before December 20, 2005. Doc. 20, Ex. F. Demitro did not file a PLA. Doc. 20, p. 3.

Demitro filed his § 2254 petition in April, 2013. The mailbox rule applies to habeas petitions. *Jones v. Bertrand*, 171 F.3d 499, 502 (7th Cir. 1999). Demitro's petition states both that he placed his petition in the mail on April 19, 2013, and on April 23, 2013. Doc. 1, pp. 18-19. The envelope was postmarked by the U.S. Postal Service on April 22, 2013, so the earlier date is no doubt correct. Doc. 1, Ex. 2. The Court will assume that Demitro's petition was filed on April 19, 2013.

## II.    Applicable Legal Standards

28 U.S.C. § 2244 creates a one-year limitation period for filing a petition for writ of habeas corpus. Under 28 U.S.C. § 2244(d)(1), a person convicted in state court must file his federal habeas petition within one year of the latest of:

   (A)    the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

   (B)    the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

   (C)    the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

   (D)    the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

The one-year statute of limitations is tolled during the pendency of a

"properly-filed" state postconviction petition.  28 U.S.C. § 2244(d)(2).  The statute does not define "properly-filed," but the Supreme Court has held that, where the state court rejects a postconviction petition as untimely under state rules, the petition was not "properly-filed."  *Pace v. DiGuglielmo*, 125 S. Ct. 1807, 1814 (2005).  This Court looks to the decision of the last state court to rule on the postconviction petition to determine whether the postconviction petition was dismissed on timeliness grounds.  *Smith v. Battaglia*, 415 F.3d 649, 652-53 (7th Cir. 2005).

The one-year statute of limitations is also "subject to equitable tolling in appropriate cases."  *Holland v. Florida*, 130 S. Ct. 2549, 2560 (2010).  Equitable tolling applies only where the petitioner shows " '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing."  *Id.* at 2562 (citing *Pace,* 125 S. Ct. at 1807).  The Supreme Court emphasized that "the circumstances of a case must be 'extraordinary' before equitable tolling can be applied."  *Id.* at 2564.

### III.   Analysis

Petitioner was sentenced on December 28, 2000.  He had thirty days in which to file a motion to reconsider his sentence, which is a prerequisite to filing an appeal.  Ill. Sup. Ct. Rule 604(d).  Thirty days after December 28, 2000, fell on a Saturday, so he had until the following Monday.  5 ILCS 70/1.11.  Petitioner did not file a motion to reconsider, so his conviction became final on January 29, 2001.

Demitro filed his habeas petition on April 19, 2013. This was more than twelve years after his conviction became final. Petitioner does not argue that he is "actually innocent" and is therefore entitled to an equitable exception to § 2244(d)(1). *See McQuiggin v. Perkins*, 133 S. Ct. 1924 (2013). Rather, he argues that equitable tolling should be applied because he is illiterate, has difficulty communicating because of a severe stutter, and IQ testing places him in the mildly mentally retarded range. In addition, his state postconviction counsel gave him erroneous advice and did not tell him that he could file a federal habeas petition.

The initial question is when the one-year limitations period began to run. Respondent argues that the period began to run when Demitro's conviction became final in January, 2001. According to respondent, § 2244(d)(1)(D) does not apply because the factual predicate of the claim could have been discovered earlier through the exercise of due diligence. In support, respondent points out that the statute under which petitioner was sentenced included a mandatory term of supervised release.

Petitioner's argument implicitly assumes that the period began to run when proceedings on his state postconviction petition ended on December 17, 2010. In his counseled supplemental state postconviction petition, Demitro said that he learned of his three-year term of supervised release sometime in 2006. Doc. 20, Ex. 5, p. 29. He offers no explanation in this Court for why it took him so long to make this discovery.

The date on which petitioner actually learned of his supervised release term is not necessarily dispositive. The one-year clock "starts at the time a reasonable person would have discovered" the factual predicate of the claim. *Villanueva v. Anglin*, 719 F.3d 769, 774 (7th Cir. 2013). In *Villanueva*, two petitioners claimed that they had not been told at sentencing that they were subject to mandatory terms of supervised release, and they argued that the one-year period for filing a habeas petition did not begin to run until they actually learned of that fact. The Seventh Circuit held that their habeas petitions were untimely because, in the exercise of due diligence, they could have learned of the terms of supervised release on the day of sentencing. *Villanueva*, 719 F.3d at 774. There is an important difference between *Villanueva* and the present case. In *Villanueva*, the terms of supervised release were not mentioned at sentencing, but the state court judges had informed the petitioners before the day of sentencing that they were subject to terms of supervised release. *Id*. Here there is no indication that the sentencing judge or anyone else ever mentioned supervised release to Demitro before or at sentencing, and the written Order of Commitment and Sentence does not contain any reference to a term of supervised release. Doc. 20, Ex. C, p. 29. Accordingly, the Court will give petitioner the benefit of the doubt and will assume for purposes of this motion that the one-year period began to run when he discovered in 2006 that his sentence included a term of supervised release.[1]

---

[1] Obviously, some period of time elapsed between the time petitioner discovered that his sentence included a term of supervised release and the time he filed his state petition. It is not possible to determine how many days passed on the current record. Again giving petitioner the benefit of the doubt, the Court will ignore the time period from the discovery of the supervised release term until the filing of the state petition.

Even assuming that the one-year period did not begin to run until he actually discovered that he was subject to a term of supervised release, Demitro's habeas petition is untimely unless equitable tolling applies. His state postconviction petition was finally disposed of on substantive grounds on December 17, 2010. Doc. 20, Ex. F. Demitro did not file a PLA. Respondent argues that the one-year period resumed running on that date. However, whether the time for filing a PLA is excluded even though the petitioner did not actually file one has not been decided by the Seventh Circuit. *See Williams v. Buss*, 538 F.3d 683, 685 (7th Cir. 2008), declining to rule on the issue. Petitioner had 35 days in which to file a PLA. Ill. Sup. Ct. Rule 315(b). As his federal petition was not filed until April 19, 2013, 35 days one way or the other makes no difference.

Furthermore, petitioner bears the burden of showing that he is entitled to equitable tolling. *Taylor v. Michael*, 724 F.3d 806, 810 (7th Cir. 2013). Demitro argues that he diligently pursued his rights in that he filed a state postconviction petition when he learned about the term of supervised release. In an affidavit attached to his response to the motion to dismiss, he says that, after the Appellate Court denied him relief in 2010, his postconviction counsel told him that "the state could take away my plea agreement and start over, and I could get up to 60 years in prison if I continued to appeal." Further, the attorney "did not tell me that I could file a petition in federal court. When I learned that I could file in federal court, I did." Doc. 24, Ex. D. Notably lacking is any explanation of how and when Demitro learned that he could file a federal habeas petition, and what

he did to pursue his rights between the Appellate Court decision in 2010 and the filing of the federal petition in April, 2013. It was his burden to present evidence to demonstrate his diligence. *Tucker v. Kingston*, 538 F.3d 732, 735 (7th Cir. 2008). He has failed to do so.

Petitioner emphasizes the fact that he is illiterate and mildly mentally retarded, and has a heavy stutter, suggesting that it was extremely difficult, if not impossible, for him to do legal research. The exhibits attached to his response suggest otherwise. Exhibit B is a transcript of a state court hearing on Demitro's capacity to understand and waive his *Miranda* rights. Petitioner testified that, while he was in the county jail, he was able to go to the law library and ask an inmate librarian to look things up for him. He asked for information about his *Miranda* rights and the possible sentence he faced. Doc. 24, Ex. B, pp. 4-8. This suggests that he had the ability to make himself understood, despite his stutter, and to seek legal information. He has not offered any evidence that he was unable to pursue legal information in a similar fashion once he reached the IDOC after being sentenced.

Petitioner argues that "attorney error" can be an extraordinary circumstance justifying equitable tolling. While a lawyer's "egregious behavior" might be sufficient, neither "a garden variety claim of excusable neglect" nor a miscalculation of the due date for a habeas petition is an extraordinary circumstance. *Holland*, 130 S. Ct. at 2552-53.

The only error petitioner identifies is counsel's alleged statement that "the

state could take away my plea agreement and start over, and I could get up to 60 years in prison if I continued to appeal."[2] That statement went to the issue of filing a PLA to the Illinois Supreme Court. Petitioner does not argue that counsel's statement induced him to delay filing his federal petition.

The attorney who allegedly made the statement, Manuel Serritos, was with the Office of the State Appellate Defender, and represented Demitro in the Illinois Appellate Court. See Doc. 20, Ex. F. Petitioner does not claim that Mr. Serritos represented him with regard to his federal habeas petition or that he gave petitioner incorrect information regarding federal habeas law. He simply claims that the attorney did not inform him that he could file a habeas petition in federal court.

Petitioner has not cited any authority for the proposition that the failure of his state postconviction attorney to inform him of the availability of federal habeas proceedings is an extraordinary circumstance entitling him to equitable tolling. In *Lawrence v. Florida*, 127 S. Ct. 1079 (2007), the Supreme Court held that an attorney's incorrect advice as to the due date for a habeas petition was not an extraordinary circumstance warranting equitable tolling, "particularly in the postconviction context where prisoners have no constitutional right to counsel."

---

[2] In petitioner's view, this advice was incorrect because resentencing was not an option. He says he sought only to enforce the bargain he had made with the state, and the state sought only to keep the term of supervised release in place. Petitioner does not allege that his plea agreement included a promise that he would not have to serve a sentence of supervised release. Rather, he says the agreement was for twenty years total. He says he is entitled to either be relieved of the term of supervised release, or to serve the last three years of the twenty on supervised release instead of in the IDOC. However, twenty years is the minimum prison sentence he could have received for first degree murder. In his postconviction proceedings, the state took the position that the second option is therefore not available to him. Doc. 20, Ex. E, pp. 17-18. This Court expresses no opinion as to whether counsel's advice, that he ran a risk of being sentenced to more time, was incorrect.

*Lawrence*, 127 S. Ct. at 1085. The Seventh Circuit has held that extraordinary circumstances did not exist where the attorney gave incorrect advice as to the due date and withdrew from representing petitioner only a few months before the petition was due. *Taylor*, 724 F3d at 810-11. If affirmative misinformation from an attorney who represents a petitioner in his federal habeas proceedings does not qualify as an extraordinary circumstance, it is difficult to see how a lack of information from an attorney not representing him on habeas would qualify.

Demitro has known since at least 2006 that his sentence included a term of supervised release. His argument boils down to a claim that he did not know that he could file a federal habeas petition until it was too late. "Lack of familiarity with the law, however, is not a circumstance that justifies equitable tolling." *Id.* at 811 (citing *Tucker*, 538 F.3d at 735).

Petitioner has not shown that he pursued his rights with due diligence or that extraordinary circumstances prevented him from filing a timely habeas petition. Therefore, he is not entitled to equitable tolling.

### IV. Certificate of Appealability

Pursuant to Rule 11 of the Rules Governing Section 2254 Cases in the United States District Courts, this Court must "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." A certificate should be issued only where the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

Where a habeas petition is dismissed on procedural grounds without

reaching the underlying constitutional issue, the petitioner must show that reasonable jurists would "find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 120 S.Ct. 1595, 1604 (2000). Both components must be established for a COA to issue.

Here, no reasonable jurist would find it debatable whether Demitro's petition is time-barred. Accordingly, the Court denies a certificate of appealability.

## V. Conclusion

Respondent's Motion to Dismiss Petitioner's Petition for Writ of Habeas Corpus as Untimely (Doc. 20) is **GRANTED**.

This action is **DISMISSED WITH PREJUDICE**. The Clerk of Court shall enter judgment accordingly.

**IT IS SO ORDERED.**

Signed this 4th day of February, 2014.

Digitally signed by David R. Herndon
Date: 2014.02.04 14:44:52 -06'00'

**Chief Judge**
**United States District Court**