IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **DENNIS DEMITRO,** | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | ) Civil No.  13-cv-394-CJP[1] |
| | ) |
| **JULIUS FLAGG,** | ) |
| | ) |
| Respondent. | ) |

**MEMORANDUM and ORDER**

**PROUD, Magistrate Judge:**

Dennis Demitro pleaded guilty to a charge of first degree murder in the Circuit Court of Cook County, Illinois, in November, 2000.  Pursuant to a plea agreement, he was sentenced to twenty years imprisonment.  He was not, however, informed at or before sentencing that he was also subject to a statutorily-mandated three year term of supervised release.

In April, 2013, Demitro filed a petition for writ of habeas corpus pursuant to 28 U.S.C. §2254, raising the following grounds:

1. The imposition of a term of supervised release by the Illinois Department of Corrections ("IDOC") violates the due process clauses of the Fifth and Fourteenth Amendments.

2. The three year term of supervised release was not a part of the plea deal that was agreed to by the state and petitioner.

3. The imposition of the term of supervised release by the IDOC violates separation of powers.

---

[1] This case was assigned to the undersigned for final disposition upon consent of the parties pursuant to 28 U.S.C. §636(c).  See, Doc. 53.

**Relevant Facts and Procedural History**

In November, 2000, Demitro pleaded guilty to one count of first degree murder. During the change of plea hearing, the judge did not inform him that his sentence would include a three-year mandatory term of supervised release. Doc. 20, Ex. B, pp. 2-16. On December 28, 2000, petitioner was sentenced to the minimum possible sentence of twenty years imprisonment. The term of supervised release was not mentioned at the sentencing hearing. Doc. 20, Ex. B, pp. 19-22. The written Order of Commitment and Sentence did not contain any reference to a term of supervised release. Doc. 20, Ex. C, p. 29. Petitioner did not file a direct appeal. Doc. 1, p. 2.

In September, 2006, almost six years after he was sentenced, Demitro filed a pro se petition for postconviction relief challenging the imposition of the term of supervised release. Demitro alleged in state court that the mandatory supervised release ("MSR") term violated due process and "increases plea as well as court imposed sentence." Doc. 20, Ex. C, p. 6. The Circuit Court summarily dismissed the petition, but the Appellate Court reversed because petitioner had raised the gist of a meritorious constitutional claim. Doc. 20, Ex. E, p. 14. Appointed counsel filed a supplemental petition raising claims that Demitro "was not given the benefit of the bargain he made when he pled guilty" and Demitro's due process rights under the Fourteenth Amendment and the Illinois Constitution were violated. Doc. 20, Ex. E, p. 29. As relief, Demitro asked that his sentence be adjusted so that he would serve the last three years of his twenty year sentence on

supervised release, thereby reducing his prison sentence to seventeen years. Ex. E, p. 32.

The Circuit Court again dismissed because the petition was not timely filed and Demitro failed to make a substantial showing that his constitutional rights were violated. Doc. 20, Ex. E, pp. 43-47.

On December 17, 2010, the Appellate Court affirmed the dismissal on substantive grounds. Demitro was seeking the benefit of the holding in *People v. Whitfield*, 840 N.E. 2d 658 (Ill. 2005), However, the Appellate Court affirmed the dismissal of his petition because the Illinois Supreme Court held in *People v. Morris*, 925 N.E.2d 1069, 1081 (Ill. 2010), that *Whitfield* does not apply retroactively to convictions that were final before December 20, 2005. Doc. 20, Ex. F. Demitro did not file a PLA. Doc. 20, p. 3.

Demitro filed his §2254 petition in April, 2013. Respondent raised the issue of the statute of limitations. The issue of timeliness has been the main focus of the proceedings to date. After the Seventh Circuit reversed and remanded for further proceedings on the question of equitable tolling, the Seventh Circuit issued its decision in *Carroll v. Daugherty*, 764 F.3d 786 (7th Cir. 2014), which speaks to the substantive issue raised in Demitro's petition.

## Law Applicable Habeas Petition

This habeas petition is subject to the provisions of the Antiterrorism and Effective Death Penalty Act, known as the AEDPA. "The Antiterrorism and Effective Death Penalty Act of 1996 modified a federal habeas court's role in

reviewing state prisoner applications in order to prevent federal habeas 'retrials' and to ensure that state-court convictions are given effect to the extent possible under law." *Bell v. Cone*, 122 S.Ct. 1843, 1849 (2002).

Habeas is *not* yet another round of appellate review.  28 U.S.C. §2254(d) restricts habeas relief to cases wherein the state court determination "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States" or "a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."

A judgment is "contrary to" Supreme Court precedent if the state court "contradicts the governing law set forth in [Supreme Court] cases. "  *Coleman v. Hardy*, 690 F.3d 811, 814 (7th Cir. 2012), citing *Williams v. Taylor*, 120 S. Ct. 1495 (2000).   A state court decision is an "unreasonable application of" clearly established law "if the state court identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id.*   The scope of federal review of state court decisions on habeas is "strictly limited" by 28 U.S.C. § 2254(d)(1).  *Jackson v. Frank*, 348 F.3d 658, 661 (7th Cir. 2003).  The unreasonable application standard is "a difficult standard to meet." *Id.*, at 662.   Even an incorrect or erroneous application of the federal precedent will not justify habeas relief; rather, the state court application must be "something like lying well outside the boundaries of permissible differences of opinion." *Id.*, at 662 (internal citation omitted).

## Analysis

Respondent contends that Demitro's habeas petition is untimely and that his claims are procedurally defaulted because he did not present them for one full round of state court review.  See, *O'Sullivan v. Boerckel*, 119 S.Ct. 1728 (1999). A habeas court may resolve a petition on the merits without first resolving issues of timeliness and procedural default.  "It makes sense to tackle the merits first when they are easy and the limitations question hard, just as it makes sense (and is permissible) to reject a collateral attack on the merits while other procedural defenses, such as waiver, default, or lack of exhaustion, remain in the background.  28 U.S.C. § 2254(b)(2)."  *Estremera v. U.S.*, 724 F.3d 773, 775 (7th Cir. 2013).  In view of the clear guidance provided in *Carroll v. Daugherty*, 764 F.3d 786 (7th Cir. 2014), it is appropriate to resolve the petition on the merits.

Both petitioner and respondent agree that *Carroll* is dispositive here.  See, Docs. 57 & 58.

The petitioner in *Carroll* was convicted in an Illinois court and was sentenced to a term of imprisonment.  As in our case, Carroll's sentence was subject to a mandatory term of supervised release pursuant to 730 ILCS 5/5-8-1(d), but Carroll was not informed of the MSR term at sentencing and the MSR term was not set forth in the written judgment.  *Carroll*, 764 F.3d at 787.  Carroll sought habeas relief, raising arguments similar to the arguments raised here.

The Seventh Circuit first rejected the argument that the MSR term had been illegally added by the IDOC.  Rather, the term was included in the sentence by

operation of statute:

> The Supreme Court of Illinois has held that omission of a required term of supervised release from a sentence is not error, because the state's supervised-release statute provides that "every sentence shall include *as though written therein* a term [of supervised release] in addition to the term of imprisonment. 730 ILCS 5/5–8–1(d)." *People v. McChriston*, 378 Ill.Dec. 430, 4 N.E.3d 29, 33 (Ill.2014) (emphasis added).

*Carroll*, 764 F.3d at 788-789.

The Seventh Circuit next flatly rejected the argument that failure to recite the MSR term at sentencing or to include it in the written judgment violates federal due process rights. *Carroll*, 764 at 789.

Demitro's first and third grounds for habeas relief are premised on the idea that the MSR term was added to his sentence by the IDOC. The Seventh Circuit's opinion in *Carroll* makes it clear that the MSR term was imposed by operation of statute, and not by an illegal action of the IDOC. *Carroll*, 764 F.3d at 788-789. Further, the correction of the sentence by the IDOC does not violate Demitro's federal due process rights. *Carroll*, 764 F.2d at 789. Therefore, his first and third grounds are rejected.

Petitioner's second ground requires a little more discussion. This case is slightly different from *Carroll* in that Demitro entered a guilty plea pursuant to a plea agreement, while Carroll was convicted after a trial. For his second ground, Demitro argues that the imposition of the MSR term violates his plea agreement. Petitioner is presumably attempting to present a "benefit of the bargain" claim under *Santobello v. New York*, 92 S.Ct. 495 (1971). The state court cited *Santobello*, noting that the Illinois Supreme Court's decision in *People v.*

*Whitfield*, 840 N.E. 2d 658 (Ill. 2005), relied on *Santobello*.  Doc. 20, Ex. F, p. 4.

Demitro has not demonstrated that the state court unreasonably applied *Santobello*.  In fact, it did not.  Significantly, Demitro does not claim that the state promised him as part of the agreement that he would not have to serve a MSR term or that he was given incorrect information with reference to a term of supervised release.  Rather, he bases his claim on the fact that he was not told anything about a mandatory term of supervised release.  Therefore, he cannot make a benefit of the bargain argument under *Santobello*.  To succeed on a *Santobello* claim, petitioner "must prove the government also promised that the MSR term would not attach."  *Villanueva v. Anglin*, 719 F.3d 769, 778 (7th Cir. 2013).

This leaves only a general claim that the failure to inform petitioner of the MSR term rendered his plea involuntary.  Here again, petitioner runs into the limits of habeas review set forth in §2254(d)(1).  In order to prevail, petitioner must show that the state court's decision was contrary to or unreasonably applied federal law "as determined by the Supreme Court of the United States." See, *Lopez v. Smith,* __ S. Ct. __, 2014 WL 4956764, *1 (2014), and *Marshall v. Rodgers*, 133 S. Ct. 1446, 1449 (2013), emphasizing that the enquiry under §2254(d)(1) concerns federal law *as determined by the Supreme Court*.  Petitioner cannot do so here:

> There is no Supreme Court precedent for the proposition that a defendant must be advised of a term of MSR at the time he attempts to enter a plea of guilty. Quite the contrary, the Court has expressly declined to decide such an issue in the very similar context of parole. See *Lane v. Williams*, 455

U.S. 624, 630 n. 9, 102 S.Ct. 1322, 71 L.Ed.2d 508 (1982) ("We do not decide whether, to establish such a constitutional violation, respondents must claim that they in fact did not know of the parole requirement at the time they pleaded guilty or that they would not have pleaded guilty had they known of this consequence.").

*Lockhart v. Chandler*, 446 F.3d 721, 724 (7th Cir. 2006).

Lastly, the Court notes that petitioner has clearly stated that he does not wish to attempt to withdraw his guilty plea.  See, Doc. 57, ¶2 and Doc. 61, ¶1(b). Rather, he wants to swap "three years of prison for an equivalent term of supervised release, a trade obviously advantageous to a prisoner."  *Carroll*, 764 F.3d at 790.  The Seventh Circuit held in *Carroll* that a petitioner "has no constitutional right to such a trade just because the judge left something out of the sentence that doesn't have to be in it in order to authorize the full measure of punishment that [he] has been ordered to undergo."  *Ibid.*

## Certificate of Appealability

Pursuant to Rule 11 of the Rules Governing Section 2254 Cases in the United States District Courts, this Court must "issue or deny a certificate of appealability when it enters a final order adverse to the applicant."  A certificate should be issued only where the petitioner "has made a substantial showing of the denial of a constitutional right."  28 U.S.C. §2253(c)(2).

Where a habeas petition is rejected on the merits, a certificate of appealability may issue only where the petitioner demonstrates that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were

adequate to deserve encouragement to proceed further." *Peterson v. Douma*, 751 F.3d 524, 528 (7th Cir. 2014), quoting *Slack v. McDaniel*, 120 S.Ct. 1595, 1603-1604 (2000).

Here, no reasonable jurist would find it debatable whether Demitro is entitled to habeas relief under 28 U.S.C. §2254.  Accordingly, the Court denies a certificate of appealability.

## Conclusion

Dennis Demitro's petition for habeas relief under 28 U.S.C. §2254 **(Doc. 1)** is **DENIED**.

This action is **DISMISSED WITH PREJUDICE**.   The Clerk of Court shall enter judgment accordingly.

**IT IS SO ORDERED.**

**DATE:  October 16, 2014.**

> **s/ Clifford J. Proud**
> **CLIFFORD J. PROUD**
> **UNITED STATE MAGISTRATE JUDGE**